J-S12011-26, J-S12012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CAPITAL COMMERCIAL REAL ESTATE INVESTMENT, INC., AND CHRIS YANGELLO | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| CJK INVESTMENTS, LLC, AND JOANN RUGGIERO, EXECTRIX OF THE ESTATE OF JOSEPH RUGGIERO, THE ESTATE OF JOSEPH RUGGIERO, REHOBOTH HUNDRED, LLC, AND KEVIN HOLOHAN, AND LOHAN DEVELOPMENT GROUP, LLC, CAPITAL COMMERCIAL REAL ESTATE INVESTMENT, INC., AND CHRIS YANGELLO | : : : : : : : : : : : : : : | No. 1937 EDA 2025 |
| v. | : : : : : | |
| CJK INVESTMENTS, LLC, AND JOANN RUGGIERO, EXECTRIX OF THE ESTATE OF JOSEPH RUGGIERO, THE ESTATE OF JOSEPH RUGGIERO, LONGWOOD PRESERVE, LLC, REHOBOTH HUNDRED, LLC, AND KEVIN HOLOHAN, AND LOHAN DEVELOPMENT GROUP, LLC | : : : : : : : : : : : | |
| APPEAL OF: REHOBOTH HUNDRED, LLC, KEVIN HOLOHAN, LOHAN DEVELOPMENT GROUP, LLC, CJK INVESTMENTS, LLC, AND LONGWOOD PRESERVE, LLC | : : : : : : | |

Appeal from the Judgment Entered June 20, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-003423,
CV-2021-004580

| | | |
|---|---|---|
| CAPITAL COMMERCIAL REAL ESTATE INVESTMENT, INC., AND CHRIS YANGELLO | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| CJK INVESTMENTS, LLC, AND JOANN RUGGIERO, EXECTRIX OF THE ESTATE OF JOSEPH RUGGIERO, THE ESTATE OF JOSEPH RUGGIERO, REHOBOTH HUNDRED, LLC, AND KEVIN HOLOHAN, AND LOHAN DEVELOPMENT GROUP, LLC, CAPITAL COMMERCIAL REAL ESTATE INVESTMENT, INC., AND CHRIS YANGELLO | : : : : : : : : : : : : : : | No. 1938 EDA 2025 |
| v. | : : : : : | |
| CJK INVESTMENTS, LLC, AND JOANN RUGGIERO, EXECTRIX OF THE ESTATE OF JOSEPH RUGGIERO, THE ESTATE OF JOSEPH RUGGIERO, LONGWOOD PRESERVE, LLC, REHOBOTH HUNDRED, LLC, AND KEVIN HOLOHAN, AND LOHAN DEVELOPMENT GROUP, LLC | : : : : : : : : : : : : : : | |
| APPEAL OF: REHOBOTH HUNDRED, LLC, KEVIN HOLOHAN, LOHAN DEVELOPMENT GROUP, LLC, CJK INVESTMENTS, LLC, AND LONGWOOD PRESERVE, LLC | : : : : : | |

Appeal from the Judgment Entered June 20, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-003423,
CV-2021-004580

- 2 -

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 3, 2026**

This is an appeal from two orders granting summary judgment. The appellants are CJK Investments, LLC ("CJK"), Joanne M. Ruggiero, Executrix of the Estate of Joseph J. Ruggiero, deceased, ("Ruggiero"), Kevin Holohan, ("Holohan"), Rehoboth Hundred LLC ("Rehoboth"), Lohan Development Group, LLC ("Lohan"), and Longwood Preserve, LLC ("Longwood") (collectively, "Appellants"). They appeal from the orders granting summary judgment in favor of Capital Commercial Real Estate Investment, Inc. ("Capital") and Chris Yangello ("Yangello") (collectively, "Appellees"). We affirm.

CJK was formed in January 2015 to develop a 39-acre plot of land ("the Property"). Capital, Lohan, and Rehoboth each owned a one-third interest in CJK. Yangello was the sole member of Capital, Holohan was the sole member of Lohan, and Ruggiero was the sole member of Rehoboth. CJK received permission from the township to construct 150 residences on the Property.

Capital entered into a Membership Interest Purchase Agreement with CJK in September 2017, wherein Capital would sell its one-third interest in CJK to Rehoboth and Lohan. The purchase price was $292,500, payable at the closing of the sale to a third party of each lot at $3,000 per lot. The Membership Interest Purchase Agreement provided as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

[Capital] agrees to sell and [CJK] agrees to purchase all the rights, title, interest, and property of [Capital] in the Membership Interest for an aggregate purchase price of $292,500.00 (the "Purchase Price"). At closing of each lot with a third-party Buyer, [CJK] shall direct the settlement agreement and/or [CJK] to immediately issue payment to [Capital] of Three Thousand Dollars ($3,000.00) until the purchase price is paid in full.

Membership Interest Purchase Agreement, 9/1/17, at ¶ 2. The Membership Interest Purchase Agreement also provided: "This Agreement will not be assigned either in whole or in part by any party to this Agreement without the written consent of the other party." *Id.* at ¶ 18.

CJK then agreed in November 2017 to sell the entire Property to Ryan Homes, a nationwide builder, pursuant to a Lot Purchase Agreement. Approximately six months later, in April 2018, Ruggiero and Holohan formed Longwood.

The following month, in May 2018, Capital and CJK rescinded their agreement for Capital to sell its one-third interest in CJK to Rehoboth and Lohan ("Rescission Agreement"). That same month, CJK entered into an Assignment and Novation Agreement with Ryan Homes and Longwood, in which CJK assigned the Lot Purchase Agreement to Longwood.

Capital and CJK then in June 2018 rescinded their agreement to rescind their agreement for Capital to sell its one-third interest in CJK to Rehoboth and Lohan ("Second Recission Agreement"). The Second Recission Agreement provided that Capital would transfer its interest back to CJK. It further provided that "CJK and/or its assignee" was to pay Yangello "the lot purchase

payment" identified in the Membership Interest Purchase Agreement, *i.e.*, the $3,000 per lot sold at closing, for a total of $292,500. Second Recission Agreement, 6/26/18, at ¶ 7. The Second Recission Agreement also stated: "CJK and the principals of CJK represent that any assignment from CJK will include an acknowledgment and agreement by the assignee to make per lot payments to Chris Yangello in accordance with the Membership Interest Purchase Agreement." *Id.*

Longwood subsequently sold 116 of the lots in the Property to Ryan Homes for a total of $14,000,000. Appellants did not make any payments to Appellees relating to the Property.

Appellees initiated a breach of contract action via complaint against CJK, Ruggiero, Holohan, Rehoboth, and Lohan. They alleged that CJK breached the Second Recission Agreement by failing to include any acknowledgement in the transfer of the agreement of sale to Longwood that Longwood would make payments to Yangello. Appellees therefore asserted that CJK breached the Second Rescission Agreement by failing to remit payment in the amount of $292,500 for the sale of the lots.

Appellees brought a second action against the same parties sounding in tort and adding Longwood as a defendant. In the second action, Appellees alleged claims for fraud, violation of the Pennsylvania Uniform Voidable Transaction Act, conversion, and to pierce the corporate veil. The two actions were consolidated by the trial court in June 2022. Appellants counterclaimed for breach of fiduciary duties and conversion.

Appellees filed a motion for summary judgment on only their breach of contract claim. Appellants filed a timely response to the motion. The response only addressed Appellees' breach of contract claim.

At oral argument before the trial court, Appellees informed the court that although their written motion requested summary judgment on only the breach of contract claim, they were seeking summary judgment on all of their causes of action, including their tort claims. N.T., 8/30/23, at 14-15, 18. Appellees asked to supplement their motion to include all causes of action. *Id.* at 15-16. The court granted the request and instructed Appellees to submit a proposed order setting forth their arguments, with specific citations to the record, by September 8, 2023. *Id.* at 16, 36-37. The court further instructed Appellees to send a copy of the proposed order to Appellants. It told Appellants to file a response "within a week after that." *Id.* Appellants agreed to do so. *Id.* at 37.

Appellees timely complied and filed proposed findings of fact and conclusions of law. Appellants did not file a response to Appellees' proposed findings of fact and conclusions of law. Nor did they file any opposition or objection.

On January 29, 2024, the court granted Appellees' motion for summary judgment. In doing so, it adopted Appellees' proposed findings of fact and conclusions of law in full. The order stated:

> **AND NOW**, to wit, this 29[th] day of January 2024, upon consideration of [Appellees'] Motion for Summary Judgment, the Answer filed thereto, and the Argument held

on August 30, 2023 and again as discussed on January 4, 2024 and the Proposed Finding of Facts and Conclusions of Law submitted by [Appellees], it is hereby ORDERED and DECREED the Motion for Summary Judgment is now **GRANTED**, based upon the Court's adoption of the following Findings of Fact and Conclusions of Law, attached hereto.

This Court notes that this case is not closed, the Court must schedule a Trial on [Appellants'] Counterclaim, this Court will send a scheduling Order separately.

Order, dated 1/29/24.[1]

In adopting Appellees' proposed findings of fact and conclusions of law, the court found, among other things, that:

- CJK breached the Second Rescission Agreement by failing to remit payment to Appellees for the sale of the lots, and by failing to include any acknowledgement in the Assignment and Novation Agreement that Longwood, as assignee, would make payments to Appellees;

- Appellants admitted that they did not make any payments relating to the Property to the Appellees;

- Holohan admitted at his deposition that CJK owed $292,500 to Appellees;

- CJK's breaches were material and directly caused damages to Appellees in the amount of $292,500;

- CJK, Holohan, and Ruggiero fraudulently induced Appellees into entering the Second Rescission Agreement, knowing that CJK had already

_____

[1] The order was docketed on February 8, 2024.

- 7 -

transferred the rights in the Property to Longwood, without the payment provision to Appellees;

- CJK, Holohan, and Ruggiero violated Pennsylvania's Uniform Voidable Transactions Act, as they transferred their rights to the Property to Longwood with the intent to defraud Appellees;

- Holohan and Ruggiero committed conversion, as they deprived Appellees the right to use and possess payments from the sale of the lots without Appellees' consent and without justification, causing Appellees to suffer damages in the amount of $292,500; and

- the corporate veils of CJK, Lohan, and Rehoboth warranted piercing because Holohan and Ruggerio perpetuated fraud against Appellees, and thus, Holohan and Ruggerio were personally liable for breach of contract, conversion, and fraud.

*See* Findings of Fact and Conclusions of Law, at ¶¶ 30-34, 36-42, 45-49, 65, 90, 94.

On the same day the court entered summary judgment in favor of Appellees, January 29, 2024, Appellants filed a motion for partial summary judgment. Appellees filed a response, as well as a cross-motion for summary judgment on all of Appellants' counterclaims. Appellants' response to Appellees' cross-motion was due on or before by April 1, 2024. *See* Pa.R.Civ.P. 1035.3(a).

The court scheduled argument on Appellants' motion and Appellees' cross-motion. Although the deadline for Appellants to submit a response to

Appellees' cross-motion had passed at the time of argument, Appellants had not submitted a response or sought an extension for doing so. Approximately five weeks after argument, on July 25, 2024, Appellants filed their response to Appellees' cross-motion for summary judgment.

Following argument, the court required the parties to submit proposed findings of fact and conclusions of law. *See* Trial Court Opinion, filed 10/16/25, at 4. Appellees submitted timely proposed findings of fact and conclusions of law, which consisted of 224 paragraphs. Appellants failed to submit proposed findings of fact and conclusions of law.

On August 26, 2024, the court granted Appellees' cross-motion and issued the following order:

> **AND NOW**, this 26th day of August 2024, upon review of [Appellees'] Cross[-]Motion for Summary Judgment as to [Appellants'] Counterclaims, and as there was not [a] timely Answer filed by [Appellants] as well as [Appellees'] Praecipe to Mold Judgment, [Appellants'] Answer filed thereto, and upon a hearing held on June 18, 2024, the Proposed Order and Findings of Fact and Conclusions of Law submitted by [Appellees], it is hereby **ORDERED** as follows:
>
> 1. This Court notes that a Hearing on the Motions was held on June 18, 2024, with both Counsel presenting argument to the Court and thereafter the Court requiring the parties to submit their proposed findings of facts and conclusions of law to the undersigned Chambers on or before certain specified dates.
>
> 2. This Court notes that at the time of the Hearing, [Appellants] had not filed a Response to [Appellees' Cross-] Motion for Summary Judgment as to [Appellants'] Counterclaim[s].
>
> 3. This Court notes that [Appellees] timely submitted their findings of fact and conclusions of law.

4. [Appellants] did not file their Proposed Findings of Fact or Conclusions of Law; rather, [Appellants] filed an untimely Response to [Appellees' Cross-]Motion for Summary Judgment . . .

5. Therefore, this Court was able to grant [Appellees' Cross-]Motion for Summary Judgment, based upon their Motion alone since [Appellants] failed to timely Answer. This Court has reviewed the Motion for Summary Judgment as to the Counterclaim[s] and determines that the Motion should be GRANTED.

6. As this Court [g]rants [Appellees' Cross-]Motion for Summary Judgment as to [Appellants'] Counterclaim[s], this Court then proceeds to the Praecipe to Mold Judgment[.]

7. By Order dated January 29, 2024, this Court granted [Appellees'] Motion for Summary Judgment and adopted Findings of Fact and Conclusions of Law.

8. The Court hereby incorporates the January 29, 2024 Findings of Facts and Conclusions of Law, in whole, into this Order.

9. This Court notes that [Appellants] failed to comply with the Court's requirements of submitting findings of fact and conclusions of law. Rather, [Appellants] submitted to the Court only the untimely Answer to the long outstanding Cross[-]Motion for Summary Judgment as [to Appellants'] Counterclaim[s].

10. In the Findings of Fact and Conclusions of Law, date[d] January 29, 2024, specifically, in paragraphs, 6, 7, 21, 33, 34, 42, and 65, this Court found that certain [Appellants] caused damages to [Appellees] in the amount of $292,500.00.

11. Consistent with this Court's January 29, 2024 Order, and the adopted Findings of Fact and Conclusions of Law therein and the thirty[-]three page Findings of Fact and Conclusions of Law, attached to this Order, judgment is hereby entered in favor of [Appellees] and against . . . CJK Investments, LLC, Kevin Holohan, and Joanne M. Ruggiero, as Executrix of the Estate of Joseph J. Ruggiero, in the amount of $292,500.00, together with

interest and costs upon [Appellees'] submission of a petition for interest and costs and [Appellants'] response thereto.

Order, 8/26/24, at 1-3 (footnote omitted).[2]

Appellants appealed from the January 29, 2024 order granting summary judgment in favor of Appellees, as well as from the August 26, 2024 order that granted Appellees' cross-motion for summary judgment on Appellants' counterclaims. That appeal was docketed at No. 2538 EDA 2024. However, the appeal was quashed by this Court because the orders Appellants sought to appeal were not final orders or otherwise appealable.

After quashal, on June 20, 2025, the trial court entered an order in the underlying consolidated matter granting Appellees' "Motion to Discontinue Remaining Claims and Enter Judgment." The order disposed of all remaining claims and entered judgment in favor of Appellees. This appeal followed.[3]

Appellants raise the following issues:

A. Did the trial court commit an error of law and/or abuse its discretion by resolving disputed issues of material fact and issuing conclusions of law as if it had conducted a bench trial and heard all of the evidence, as opposed to simply deciding a motion for summary judgment based upon undisputed issues of material fact appearing in the record?

B. Did the trial court commit an error of law and/or abuse its discretion by granting [Appellees'] Motions for

_____

[2] The order was docketed on September 9, 2024.

[3] Appellants properly filed a separate notice of appeal at each trial court docket, in accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal when a single order resolves issues arising on more than one lower court docket).

Summary Judgment in their entirety in violation of the Pennsylvania Supreme Court's decision in ***Borough of Nanty-Glo v[.] Am. Surety of NY***, 163 A. 523 (Pa. 1[9]32)?

C. Did the trial court abuse its discretion and/or commit an error of law by failing to deem all of the facts set forth in Appellants' Requests for Admissions as "deemed admissions" where [Appellees] failed to file any response to the Appellants' Requests for Admission[s] and never requested that its deemed admissions be withdrawn?

D. Did the trial court commit and error of law and/or abuse its discretion in granting [Appellees'] Motion for Summary Judgment with respect to their claim against the Appellants for breach of contract?

E. Did the trial court commit an error of law and/or abuse its discretion in granting [Appellees'] Motion for Summary Judgment with respect to their claim for fraud against Appellants CJK, Holohan and Ruggiero?

F. Did the trial court commit an error of law and/or abuse its discretion in granting summary judgment with respect to [Appellees'] claims against the Appellants CJK, [R]uggiero and Holohan under the Pennsylvania Uniform Voidable Transaction Act?

G. Did the trial court commit an error of law and/or abuse its discretion in granting [Appellees] summary judgment with respect to their claim for Conversion?

H. Did the trial court abuse its discretion and/or commit an error of law in granting summary judgment with respect to [Appellees'] claim for "Piercing the Corporate Veil, Enterprise Theory and Personal Participation" against Appellants Kevin Holohan and Joseph Ruggiero?

I. Did the trial court abuse its discretion and/or commit an error of law in granting the [Appellees'] Motion for Summary Judg[ment] with respect to each of the Appellants' counterclaims?

Appellants' Br. at 2-3 (suggested answers omitted, last issue corrected from "J" to "I").

Preliminarily, we observe that Appellants provide no argument with respect to Issue C. Undeveloped claims are waived and unreviewable on appeal. ***Commonwealth v. Williams***, 732 A.2d 1167, 1175 (Pa. 1999). Issue C is therefore waived.

Further, Appellants have not divided their argument "into as many parts as there are questions to be argued," in contravention of Pa.R.A.P. 2119(a). Although Appellants' Statement of Questions Involved lists nine questions, they divided their argument into two main sections, each with several subsections, many of which have sub-subsections. All told, Appellants' argument is divided into 17 parts. Although initially confusing, with a minimum of effort, the various parts of the argument are traceable to issues listed in the Statement of Questions Involved. The violation of Rule 2119(a) has not substantially impeded our review, and we will not quash in this instance.

The remaining issues can be broken down into two categories: Issues A, B, D, E, F, G, and H challenge the January 29, 2024 order granting summary judgment in favor of Appellees. Appellants' final issue, Issue I, challenges the August 26, 2024 order that granted Appellees' cross-motion for summary judgment on Appellants' counterclaims. We address each order separately.

The January 29, 2024 Order:

Appellants first allege the court erred in granting summary judgment on Appellees' breach of contract claim because disputed issues of material fact existed. Their argument on this issue is limited to an alleged admission that Holohan made at his deposition. Appellants argue that "the trial court abused

its discretion in finding that in the course of his deposition Kevin Holohan had 'admitted' that CJK owed the Appellees $292,500." Appellants' Br. at 22. In Appellants' view, "a plain reading of the transcript of his deposition reveals that, contrary to the trial court's finding that he had 'admitted' that the Appellees were owed $292,500, Mr. Holohan repeatedly denied that any money was owed by CJK to Mr. Yangello and/or Capital Commercial." *Id.* at 27.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Nicolaou v. Martin*, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.Civ.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* We "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 892. Our standard of review is *de novo* and our scope of review is plenary. *Id.*

"[T]o maintain a cause of action for breach of contract, the plaintiff must establish (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages." *TCS Black Label Realty, LLC v. Serhant Pa., LLC*, 352 A.3d 528, 550 (Pa.Super. 2026).

Here, the court found that there was no genuine issues of material fact that Appellants breached the contract and thus granted Appellees' motion for

summary judgment. The court did not err. Pursuant to the Second Rescission Agreement, CJK agreed to pay Appellees $3,000 per lot sold and that, if there was an assignment, it would include an acknowledgement and agreement by the assignee that the assignee would pay Appellees for the lots. When CJK assigned the Lot Purchase Agreement to Longwood – a company solely owned by Ruggerio and Holohan – no such acknowledgement was included. The lots were later sold for $14,000,000 and Appellees were not paid. In his deposition, Holohan stated that CJK owed Appellees money, but he believed that Appellees were "not owed anything **yet**" because Appellants were owed offsets from Appellees. Deposition of Kevin Holohan, 5/4/21, at 68-70 (emphasis added). Thus, Holohan's deposition testimony supports Appellees' claim that they have not been paid. Appellants point to no evidence that would refute Appellees' claim. The trial court thus acted correctly in granting summary judgment in favor of Appellees on their breach of contract claim.

Appellants next challenge the court's order granting summary judgment on Appellees' tort claims of fraud, violation of the Pennsylvania Uniform Voidable Transaction Act, conversion, and piercing the corporate veil. **See** Appellants' Br. at 27-42. Because Appellants failed to raise in these arguments in the trial court, we find them waived.

In responding to a motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion[.]" Pa.R.Civ.P.

1035.3(a). "Summary judgment may be entered against a party who does not respond." Pa.R.Civ.P. 1035.3(d).

"[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." ***Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa.Super. 2004). "[A] non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." ***Harber Phila. Ctr. City Off. Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1105 (Pa.Super. 2000); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). This Court has explained:

> Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. . . . The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

***Harber***, 764 A.2d at 1105 (citations omitted).

Here, a review of the record indicates that while Appellants filed a timely written response to Appellees' initial motion for summary judgment, that motion only addressed Appellees' breach of contract claim. As a result, Appellants' response only addressed the breach of contract claim. After the court granted Appellees permission at oral argument to supplement their

motion to include their remaining tort claims, and gave Appellants a deadline to respond, Appellants never submitted a response to Appellees' supplemental submission. Since Appellants failed to raise any defenses to Appellees' motion for summary judgment on the tort claims in the trial court, they cannot raise them for the first time on appeal. *Id.*; *Devine*, 863 A.2d at 1169. Accordingly, we also affirm the order granting summary judgment in favor of Appellees on their tort claims.

The August 26, 2024 Order:

Appellants challenge the court's order that granted Appellees' cross-motion for summary judgment as to Appellants' counterclaims. As set forth previously, Appellees filed their cross-motion for summary judgment on March 1, 2024. Appellants filed their response on July 25, 2024. Appellants' response was thus untimely, and the trial court was permitted to grant summary judgment against Appellants on that basis. *See* Pa.R.Civ.P. 1035.3(d).

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/3/2026